JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

07 CIV 7366

JUDGE PRESKA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Hue-Williams Ltd., d/b/a Albion Gallery | James Turrell |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Peter R. Stern, Esq., McLaughlin & Stern, LLP, 260 Madison Ave., NYC | Lisa G. Horwitz, Esq. & Gregory A. Clarick, Esq., Manatt, Phelps Phillips, LLP, 7 Times Sq., NYC |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. §§ 1332, 1441 and 1446, removal based on diversity.

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐  Judge Previously Assigned

If yes, was this case Vol ☐  Invol. ☐  Dismissed. No ☐  Yes ☐  If yes, give date _____  Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

RECEIVED
AUG 17 2007
U.D.C. S.D.
CASHIERS

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [XX] 160 STOCKHOLDERS SUITS
- [XX] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

NEW YORK
COUNTY CLERK'S OFFICE
AUG 20 2007
NOT COMPARED
WITH COPY FILED

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**ACTIONS UNDER STATUTES**

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(SEE REVERSE)*

(PLACE AN *x* IN ONE BOX ONLY)    **ORIGIN**

☐ 1 Original Proceeding  ☒ 2a. Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from (Specify District)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

☐ 2b. Removed from State Court AND at least one party is a pro se litigant

(PLACE AN *x* IN ONE BOX ONLY)    **BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☒ 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.** (28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☒ 3 [ ] 3 | INCORPORATED *and* PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 ☒ 2 | INCORPORATED *or* PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Michael Hue-Williams Ltd., d/b/a Albion Gallery
8 Hester Road
Battersea, London
England SW11 4AX

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

James Turrell
9000 Hutton Ranch Road
Flagstaff, Arizona 86004

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 8/17/07 SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
☒ YES (DATE ADMITTED Mo. Nov. Yr. 2001)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY 10036
Gregory A. Clarick
Lisa G. Horwitz
(212) 790-4500
(212) 790-4545 (fax)
Attorneys for defendant James Turrell



**07 CIV 7366**

NEW YORK
COUNTY CLERK'S OFFICE

AUG 20 2007

NOT COMPARED
WITH COPY FILE

JUDGE PRESKA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

---

MICHAEL HUE-WILLIAMS LTD. d/b/a
ALBION GALLERY,

Plaintiff,

v.

JAMES TURRELL,

Defendant.

---

RECEIVED

AUG 17 2007

U.S.D.C. S.D. N.Y.

Civil Action No.:

NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. §§ 1332, 1441 AND 1446

Removed from the Supreme Court of the
state of New York, County of New
York, Index No. 07/602411

---

Defendant James Turrell hereby files this Notice of Removal of the above-entitled action

to the United States District Court for the Southern District of New York from the Supreme

Court of the State of New York, County of New York, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332

because there is complete diversity between plaintiff and defendant and because the amount in

controversy exceeds $75,000, exclusive of interest, costs, and fees. In support of this Notice,

Turrell states as follows:

## I.   BACKGROUND

1.      On July 19, 2007, plaintiff filed the Complaint in this action against defendant in

the Supreme Court of the State of New York, County of New York.

2.      On July 19, 2007, defendant by counsel accepted service of the Complaint. No

further proceedings have taken place in the state court as of the date of the filing of this Notice of

Removal.

    3.    Plaintiff purports to assert claims for breach of contract and "Specific Performance" based upon Turrell's purported failure to create works of art for plaintiff to sell and Turrell's purported failure to pay plaintiff commissions on sales of Turrell's art work. (Complaint ¶ 8.)

    4.    In connection with its first breach of contract claim, plaintiff alleges $1,400,000 in damages, exclusive of interest, costs and fees. (Complaint ¶ 30.) In connection with its claim for "Specific Performance" plaintiff requests that the Court order Turrell to produce and deliver three works of art. (Complaint ¶ 35.) In connection with its second breach of contract claim, plaintiff alleges $626,250 in damages, exclusive of interest, costs and fees. (Complaint ¶ 41.)

## II.    THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

    5.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions.

    6.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of July 19, the date upon which defendant received service of the Summons and Complaint in this action.

    7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of New York and written notice of removal is being provided to all adverse parties.

    8.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served on James Turrell are attached hereto as Exhibit A and are incorporated by reference.

**III.    THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES**

9.    According to the allegations of the Complaint in this action and public records, and pursuant to 28 U.S.C. § 1332(c)(1) plaintiff Michael Hue-Williams Ltd. d/b/a Albion Gallery is a citizen of England because it is a limited liability company organized under the laws of England with its principal place of business at 8 Hester Road, Battersea, London, England, SW11 4AX.  (Complaint ¶ 1.)

10.    Defendant James Turrell is a citizen of the state of Arizona and resides at 9000 Hutton Ranch Road, Flagstaff, Arizona 86004.

11.    The diversity of citizenship requirement of 28 U.S.C. § 1332(a)(2) is satisfied because this suit is between a citizen of a state and a citizen of a foreign state.

**IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

12.    The amount in controversy exceeds $75,000 because plaintiff is claiming damages of $2,026,250, exclusive of interest, costs and fees.  (Complaint ¶¶ 30, 35, 41.)

13.    Accordingly, the requisite amount in controversy for federal diversity jurisdiction under 28 U.S.C. §§ 1332(a) is satisfied.

WHEREFORE, James Turrell notices the removal of the above-entitled action from the

Supreme Court of the State of New York, County of New York, to this Court.

Respectfully submitted

Dated: August 17, 2007

_____
Gregory A. Clarick
Lisa G. Horwitz
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Telephone: (212) 790-4500
Facsimile: (212) 790-4545

Donn Zaretsky
JOHN SILBERMAN ASSOCIATES PC
145 East 57th Street
New York, New York 10022
Telephone: (212) 319-3737
Facsimile: (212) 319-8188

*Attorneys for Defendant James Turrell*

80400784.1

-4-

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

MICHAEL HUE-WILLIAMS LTD. d/b/a
ALBION GALLERY,

                Plaintiff,

-against-

JAMES TURRELL,

                Defendant.

------------------------------------------------------------X

Index No.: 07/602411

Date Purchased:

Plaintiff designates New York County as
the place of trial.

The basis of the venue is NYCPLR §
503(a), neither of the parties residing in
New York State.

## SUMMONS

**To the above named Defendant:**

     **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your verified answer on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: July 18, 2007

                McLaughlin & Stern, LLP

                By:_____
                    PETER R. STERN
                Attorneys for Plaintiff
                Michael Hue-Willams, Ltd. d/b/a
                  Albion Gallery
                260 Madison Avenue
                New York, New York 10016

**DEFENDANTS' ADDRESS:**
9000 Hutton Ranch Road
Flagstaff, Arizona  86004

NEW YORK
COUNTY CLERK'S OFFICE

JUL 1 9 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------X

MICHAEL HUE-WILLIAMS, LTD. d/b/a
ALBION GALLERY

-against-

JAMES TURRELL,

Defendant.

----------------------------------------------- X

Index No.      /2007

**COMPLAINT**

Plaintiff Michael Hue-Williams, Ltd. d/b/a Albion Gallery ("Albion" or "Plaintiff")

by its attorneys, McLaughlin & Stern, LLP, as and for its Complaint against James Turrell ("Turrell"

or "Defendant"), alleges the following:

## THE PARTIES

1.          Plaintiff Albion is an art gallery.  Plaintiff is organized under the laws of England and

maintains its principal place of business in London, England.

2.          Defendant Turrell is a world-famous artist.

## VENUE AND JURISDICTION

3.          This Court has subject matter jurisdiction pursuant to NYCPLR §302(1) as Defendant

regularly transacts business within the state and contracts to supply goods in the state.

4.          Venue lies in the County of New York pursuant to NYCPLR §503(a).

1

## NATURE OF THE CLAIMS

5.         For many years, Albion was a dealer for works created by Turrell. During the course

of this relationship, Albion sold numerous Turrell works.  During the course of the relationship,

Albion sold Turrell works for sums in excess of $10,000,000.  During the course of the relationship,

Albion organized and held in excess of eight exhibitions of works by Turrell.

6.         During the course of the relationship, Albion and Turrell conducted business on the

basis of a 50/50 split of the retail price of an object, generally exclusive of production costs.

7.         In or about February 2007, Turrell notified Albion that he wished to terminate

Albion's agency to sell Turrell works.

8.         This action relates to the following: (1) Turrell's failure to create works that had been

sold by Albion to a number of its most important clients; and (2) Turrell's failure to pay Albion

commissions due to it with respect to transactions where Turrell has received payment from the

purchasers directly.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

9.         Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 8 inclusive with the same force and effect as though more fully set forth herein again at

length.

10.        In or about early 2005, Turrell embarked upon a series of works entitled the "Tall

Glass" works.

11.        The Tall Glass works utilize a computer-controlled color array contained within a

2

wall aperture to generate a light field defined by the transformation of color.

12.        Turrell and Albion agreed that there would be 10 Tall Glass works in the edition.

13.        As part of the edition, a prototype was produced. Albion paid for the costs of the prototype. By advancing the costs of the prototype, it was understood and agreed that Albion would have the right to sell all 10 Tall Glass works. It was further agreed that Turrell would reimburse Albion for the costs of the prototype. The costs of the prototype were in excess of $100,000.

14.        Between February 2005 and November 2006, Albion proceeded to sell nine of the ten works in the series, representing total sales in excess of $3,300,000, exclusive of manufacturing costs.

15.        On or about January 24, 2006, Albion sold one of the Tall Glass works to Louise MacBain. Ms. MacBain is the owner of a number of art-related publications and the founder of a museum in London. Turrell produced and delivered the work.

16.        In or about August 2006, Ms. MacBain paid for her Tall Glass work. Turrell and Albion shared the purchase price (exclusive of production costs).

### Commissions at Risk on Transactions

17.        On or about February 14, 2005, nearly a year prior to the sale to Ms. MacBain, Albion sold a Tall Glass work to Dr. Wayne Burt. To date, Turrell has refused to produce or deliver the work. If Albion is forced to cancel the transaction, Albion will be deprived of a commission of $150,000.

18.        On or about February 22, 2005, approximately eleven months prior to the sale to Ms.

3

MacBain, Albion sold a Tall Glass work to Steve Gottlieb. To date, Turrell has refused to produce or deliver the work. If Albion is forced to cancel the transaction, Albion will be deprived of a commission of $200,000.

19.         On or about January 27, 2006, contemporaneous with the sale to Ms. MacBain, Albion sold a Tall Glass work to Mark Booth. To date, Turrell has refused to produce or deliver the work. If Albion is forced to cancel the transaction, Albion will be deprived of a commission of $169,600.

## Lost Commissions

20.         On or about May 31, 2005, approximately eight months prior to the sale to Ms. MacBain, Albion sold a Tall Glass work to Vernon Faulconer. Turrell refused to produce or deliver the work. As a consequence of Turrell's actions, Mr. Faulconer demanded that Albion cancel the transaction. As a consequence, Albion has lost a commission of $150,000.

21.         On or about July 26, 2005, approximately six months prior to the sale to Ms. MacBain, Albion sold a Tall Glass work to Ramy Goldstein. Turrell refused to produce or deliver the work. As a consequence of Turrell's actions, Mr. Goldstein demanded that Albion cancel the transaction. As a consequence, Albion has lost a commission of $150,000.

22.         On or about September 7, 2005, approximately five months prior to the sale to Ms. MacBain, Albion sold a Tall Glass Work to Israel Englander. Turrell refused to produce or deliver the work. As a consequence of Turrell's actions, Mr. Englander demanded that Albion cancel the transaction. As a consequence, Albion has lost a commission of $150,000.

4

23.        On or about July 11, 2006, Albion sold a Tall Glass Work to Menachem Sternberg. Turrell refused to produce or deliver the work. As a consequence of Turrell's actions, Mr. Sternberg demanded that Albion cancel the transaction. As a consequence, Albion has lost a commission of $300,000.

24.        On or about November 1, 2006, Albion sold a Tall Glass work to Angus Aynsley. Turrell refused to produce or deliver the work. As a consequence of Turrell's actions, Mr.Aynsley demanded that Albion cancel the transaction. As a consequence, Albion has lost a commission of $250,000.

25.        By his actions, Turrell has deprived Albion of the opportunity to sell the tenth Glass Work. As a consequence, Albion has lost a commission of at least $300,000.

26.        In completing the MacBain sale, but refusing to perform five sales (Burt, Gottlieb, Faulconer, Goldstein and Englander) that pre-dated the MacBain sale on or about January 24, 2006, one sale that was contemporaneous with the MacBain sale (Booth) and an additional two sales (Booth and Sternberg) that pre-dated Ms. MacBain's payment for her purchase in or about August 2006, Turrell has acted willfully and wantonly.

27.        Mssrs. Burt, Gottlieb, Faulconer, Goldstein, Englander, Booth, Sternberg and Aynsley are important collectors of art and important Albion clients.

28         Upon information and belief, Turrell was well aware of the importance of Messrs. Burt, Gottlieb, Faulconer, Goldstein, Englander, Booth, Sternberg and Aynsley as collectors and as clients of Albion.

29.        Turrell's refusal to perform eight of the nine Tall Glass sales was maliciously intended to harm Albion and Albion's relationship with many of its important clients.

30.        As a consequence of Turrell's breaches of contract in failing to consummate the sales and failing to repay Albion for the prototype, Albion has incurred damages of no less than $1,400,000.

31.        As a consequence of Turrell's refusal to perform his contractual obligations, Albion will incur direct monetary damages of an additional $519,600 if the Booth, Burt and Gottlieb sales are rescinded.

### SECOND CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

32.        Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 inclusive with the same force and effect as though more fully set forth herein again at length.

33.        The Tall Glass works are unique and irreplaceable.

34.        If Turrell is permitted to continue to breach the agreement between the Parties, Albion's relationship with Booth, Burt and Gottlieb will be seriously damaged.

35.        Albion requests that this Court order Turrell to produce and deliver the Tall Glass works for Messrs. Booth, Burt and Gottlieb.

### THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT)

6

36.        Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 35 inclusive with the same force and effect as though more fully set forth herein again at

length.

37.        During the course of Albion's relationship with Turrell, Albion caused a number of

clients to purchase works by Turrell.

38.        In many cases, Turrell demanded that payment for the works be made to him directly.

39.        Despite having received payment, Turrell has refused to pay Albion the commissions

due to it for certain sales.  Those sales include sales to Bowater House ($150,000), the Salzburg

Foundation ($70,000), the Yorkshire Sculpture Park ($106,250), Harry Handelsman ($100,000),

Axel Stawski ($75,000), Alexander De Brye ($25,000), Augustin Copel Luken ($50,000) and

Norman Stone ($50,000).

40.        Upon information and belief, Turrell has failed to pay commissions on other

transactions for which he has received payment in whole or in part.

41.        As a consequence of the foregoing, Albion has been damaged in an amount no less

than $626,250.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Albion Gallery respectfully requests that judgment be

entered against Defendant James Turrell, as follows:

(A)        With respect to the First Cause of Action, an award of damages of no less than

7

$1,400,000;

(B)     With respect to the Second Cause of Action, by an order requiring Turrell to produce and deliver the Tall Glass works for Messrs. Booth, Burt and Gottlieb;

(C)     With respect to the Third Cause of Action, an award of damages of no less than $626,250; and

(D)     Awarding Plaintiff interest and costs, and such other relief as the Court may deem just, proper and equitable.

Dated:  New York, New York
       July 18, 2007

McLAUGHLIN & STERN, LLP

By _____
     PETER R. STERN

Attorneys for Plaintiff
   Michael Hue-Williams, Ltd. d/b/a
   Albion Gallery
260 Madison Avenue
New York, NY 10016
(212) 448-1100

Of Counsel:

Thomas C. Danziger, Esq.
Danziger, Danziger & Muro
405 Park Avenue
New York, NY 10022