
Peter R. Stern
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
Telephone: 212.803.1299
Facsimile: 212.803.1301

*Attorneys for Plaintiff and Counterclaim Defendant Michael Hue-Williams Ltd. d/b/a Albion Gallery*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

MICHAEL HUE-WILLIAMS, LTD. d/b/a
ALBION GALLERY,

        Plaintiff/Counterclaim Defendant,

    -against-

JAMES TURRELL,

        Defendant/Counterclaim Plaintiff.

------------------------------------------------------ X

JAMES TURRELL,

        Third-Party Plaintiff,

    -against-

MICHAEL HUE-WILLIAMS,

        Third-Party Defendant.

-----------------------------------------------------X

Civil Action No.: 07 Civ. 7366 (LAP)

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Michael Hue-Williams, Ltd. d/b/a Albion Gallery ("Albion" or "Plaintiff") by its attorneys, McLaughlin & Stern, LLP, as and for its Reply to Defendant James Turrell's ("Turrell" or "Defendant") Counterclaims (the "Counterclaims"), states the following:

In the case of all responses to the allegations contained in the Counterclaims, Albion is responding to the allegations as against it and is not responding to the allegations as against Michael Hue-Williams, individually.

1. Denies the allegations contained in Paragraph 1 of the Counterclaims.

2. Denies the allegations contained in Paragraph 2 of the Counterclaims.

3. Denies the allegations contained in Paragraph 3 of the Counterclaims.

4. Admits the allegations contained in Paragraph 4 of the Counterclaims.

5. Admits the allegations contained in the first sentence of Paragraph 5 of the Counterclaims. Admits the allegations contained in the second sentence of Paragraph 5 of the Counterclaims.

6. Denies the allegations contained in Paragraph 6 of the Counterclaims, except admits that Albion agreed to serve as art dealer/agent for Turrell in the early 1990s and that Albion was to receive a sales commission in connection with the sale of Turrell works.

7. Denies the allegations contained in Paragraph 7 of the Counterclaims, except admits that the relationship between Turrell and Albion was mutually beneficial (albeit more beneficial to Turrell than to Albion), that most of the works that buyers purchased were works specifically commissioned, that Turrell routinely demanded full payment prior to completing a work.

8. Admits the allegations contained in Paragraph 8 of the Counterclaims.

9. Denies the allegations contained in Paragraph 9 of the Counterclaims.

10. Admits the allegations contained in the first and second sentences contained in Paragraph 10 of the Counterclaims. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 10 of the Counterclaims.

11. Denies the allegations contained in Paragraph 11 of the Counterclaims, except admits that Albion engaged Turrell to develop a series of Tall Glass works to be sold by Albion.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Admits the allegations contained in the first sentence of Paragraph 13 of the Counterclaims. Denies the allegations contained in the second sentence of Paragraph 13 of the Counterclaims, except admits that Turrell did not accept the draft written agreement.

14. Denies the allegations contained in Paragraph 14 of the Counterclaims, except admits that Albion and Turrell did not reach a written agreement.

15. Denies the allegations contained in Paragraph 15 of the Counterclaims.

16. Denies the allegations contained in Paragraph 16 and refers to the documents in question.

17. Denies the allegations contained in Paragraph 17, except admits that Turrell never signed a written agreement.

18. Admits the allegations contained in Paragraph 18 of the Counterclaims.

19. Denies the allegations contained in Paragraph 19 of the Counterclaims.

20. Denies the allegations contained in Paragraph 20 of the Counterclaims.

21. Denies the allegations contained in Paragraph 21 of the Counterclaims.

22. Denies the allegations contained in Paragraph 22 of the Counterclaims, except admits that Turrell refused to perform his obligations to Albion and to its clients.

23. Denies the allegations contained in Paragraph 23 of the Counterclaims, except admits that Turrell, for reasons of pure self-interest, did not renege on his commitment to sell a Tall Glass work to Louise MacBain.

24. Denies the allegations contained in Paragraph 24 of the Counterclaims, except admits that in late 2006, Hue-Williams on behalf of Albion, in an effort to mollify Turrell, wrote a letter to Turrell.

25. Denies the allegations contained in Paragraph 25, except admits that the Albion Gallery opened in London.

26. Admits the allegations contained in Paragraph 26 of the Counterclaims.

27. Admits the allegations contained in Paragraph 27 of the Counterclaims.

## "COUNT ONE"

28. Repeats and realleges each of its answers contained in Paragraphs 1 through 27 inclusive as if set forth in full herein.

29. Denies the allegations contained in Paragraph 29 of the Counterclaims.

30. Denies the allegations contained in Paragraph 30 of the Counterclaims.

31. Denies the allegations contained in Paragraph 31 of the Counterclaims.

## "COUNT TWO"

32. Repeats and realleges each of its answers contained in Paragraphs 1 through 31 inclusive as if set forth in full herein.

33. Denies the allegations contained in Paragraph 33 of the Counterclaims.

34. Denies the allegations contained in Paragraph 34 of the Counterclaims.

35. Denies the allegations contained in the second Paragraph 32 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

1. The Counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The Counterclaims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel and laches.

### FOURTH AFFIRMATIVE DEFENSE

4. The Counterclaims are barred by Defendant's unclean hands.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Albion Gallery requests that a judgment be entered dismissing the Counterclaims with prejudice and awarding Plaintiff such other and further relief as the Court

deems proper, including costs and attorneys fees.

Dated: New York, New York
       November 14, 2007

                                              McLAUGHLIN & STERN, LLP

                                              By _____
                                                    PETER R. STERN
                                                    PS-9910
                                       Attorneys for Plaintiff/Counterclaim Defendant
                                                  Michael Hue-Williams, Ltd. d/b/a
                                                  Albion Gallery
                                       260 Madison Avenue
                                       New York, NY 10016
                                       (212) 448-1100

Of Counsel:

Thomas C. Danziger, Esq.
Danziger, Danziger & Muro
405 Park Avenue
New York, NY  10022