UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HUE-WILLIAMS, LTD, d/b/a ALBION GALLERY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>JAMES TURRELL,<br><br>Defendant/Counterclaim Plaintiff | 07 Civ. 7366 (LAP)<br><br>ANSWER TO THIRD-PARTY COMPLAINT |
| JAMES TURRELL,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>MICHAEL HUE-WILLIAMS,<br><br>Third-Party Defendant. | |

Third party defendant Michael Hue Williams for his Answer to the Third-Party Complaint of James Turrell ("Turrell"):

1. Denies the allegations contained in Paragraph 1 of the Third-Party Complaint.

2. Denies the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Denies the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Admits the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Admits the allegations contained in Paragraph 5 of the Third-Party Complaint.

6. Denies the allegations contained in Paragraph 6 of the Third-Party Complaint, except admits that Michael Hue-Williams Ltd. d/b/a/ Albion Gallery ("Albion") agreed to serve as art

dealer/agent for Turrell in the early 1990s and that Albion was to receive a sales commission in connection with the sale of Turrell works.

7. Denies the allegations contained in Paragraph 7 of the Third-Party Complaint, except admits that the relationship between Turrell and Albion was mutually beneficial (albeit more beneficial to Turrell than to Albion), that most of the works that buyers purchased were works specifically commissioned, and that Turrell routinely demanded full payment prior to completing a work.

8. Denies the allegations contained in Paragraph 8 of the Third-Party Complaint.

9. Denies the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. Admits, on information and belief, the allegations contained in the first and second sentences contained in Paragraph 10 of the Third-Party Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 10 of the Third-Party Complaint.

11. Denies the allegations contained in Paragraph 11 of the Third-Party Complaint, except admits that Albion engaged Turrell to develop a series of Tall Glass works to be sold by Albion.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in the first sentence of Paragraph 13 of the Third-Party Complaint except states that Albion sent a document to Turrell, and denies the allegations contained in the second sentence of Paragraph 13 of the Third-Party Complaint, except admits that Turrell did not sign the document.

14. Denies the allegations contained in Paragraph 14 of the Third-Party Complaint.

15. Denies the allegations contained in Paragraph 15 of the Third-Party Complaint.

16. Denies the allegations contained in Paragraph 16 except refers to the documents

referred to therein for their terms.

17. Denies the allegations contained in Paragraph 17, except admits that Turrell never signed a written agreement.

18. Admits the allegations contained in Paragraph 18 of the Third-Party Complaint.

19. Denies the allegations contained in Paragraph 19 of the Third-Party Complaint.

20. Denies the allegations contained in Paragraph 20 of the Third-Party Complaint.

21. Denies the allegations contained in Paragraph 21 of the Third-Party Complaint.

22. Denies the allegations contained in Paragraph 22 of the Third-Party Complaint, except admits that Turrell refused to perform his obligations to Albion and to its clients.

23. Denies the allegations contained in Paragraph 23 of the Third-Party Complaint, except admits that Turrell, for reasons of pure self-interest, did not renege on his commitment to sell a Tall Glass work to Louise MacBain.

24. Denies the allegations contained in Paragraph 24 of the Third-Party Complaint, except admits that in late 2006, he, on behalf of Albion, in an effort to mollify Turrell, wrote a letter to Turrell, and refers to the letter for its contents..

25. Denies the allegations contained in Paragraph 25, except admits that the Albion Gallery opened in London.

26. Admits the allegations contained in Paragraph 26 of the Third-Party Complaint.

27. Admits the allegations contained in Paragraph 27 of the Third-Party Complaint.

### "COUNT ONE"

28. Repeats and realleges each of his responses to the previous paragraphs of the Third-Party Complaint.

29. Denies the allegations contained in Paragraph 29 of the Third-Party Complaint.

30. Denies the allegations contained in Paragraph 30 of the Third-Party Complaint.

31. Denies the allegations contained in Paragraph 31 of the Third-Party Complaint.

## "COUNT TWO"

32. Repeats and realleges each of his responses to the previous paragraphs of the Third-Party Complaint.

33. Denies the allegations contained in Paragraph 33 of the Third-Party Complaint.

34. Denies the allegations contained in Paragraph 34 of the Third-Party Complaint.

35. Denies the allegations contained in the second Paragraph 32 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Third-Party Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. The Third-Party Complaint is barred, in whole or in part, by the equitable doctrines of waiver, estoppel and laches.

## FOURTH AFFIRMATIVE DEFENSE

4. The Third-Party Complaint is barred by Defendant's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5. The Third-Party Complaint is barred for insufficiency of service of process.

## SIXTH AFFIRMATIVE DEFENSE

6. Michael Hue-Williams has no individual liability to Turrell, and is not a proper party to this action.

WHEREFORE, Third Party Defendant requests that a judgment be entered dismissing the Third-Party Complaint, and awarding such other and further relief as the Court deems proper, including costs and attorneys fees.

Dated: New York, New York
January /J, 2008

                                                                                  McLAUGHLIN & STERN, LLP
                                                                                  By_____
                                                                                    Peter R. Stern (PRS 9910)
                                                                                     Jon Paul Robbins
                                                                                     Attorneys for Third Party Defendant
                                                                                     Michael Hue-Williams
                                                                                     260 Madison Avenue
                                                                                     New York, NY 10016
                                                                                     (212) 448-1100

Of Counsel:

Thomas C. Danziger, Esq.
Danziger, Danziger & Muro
405 Park Avenue
New York, NY 10022